AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

FILED
~~RD T NAGEL~~
CLERK OF COURT

FEB 18 2026 11: 11 A

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE CELLULAR TELEPHONE ASSIGNED CALL<br>NUMBER 326-205-5903 | ) ) ) ) ) ) ) | Case No.<br><br>3:26 mj 073 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____Southern_____ District of _____Florida_____ , there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Ammunition by a Prohibited Person. |
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Prohibited Person. |
| 26 U.S.C. § 5861(d) | Receipt or Possession of Unregistered Firearm. |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

\* To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order consistent with the requirement for an application for a pen register order. Accordingly, the undersigned attorney certifies: (i) he is an attorney for the government, (ii) ATF is the law enforcement agency conducting the investigation, and (iii) the information sought is likely to be relevant to an ongoing investigation of this agency.

**CHRISTOPHER REED** Digitally signed by CHRISTOPHER REED
Date: 2026.02.17 11:07:11 -05'00'

*Applicant's signature*

SA Christopher Reed, ATF

*Printed name and title*

**RYAN SAUNDERS** Digitally signed by RYAN SAUNDERS
Date: 2026.02.17 13:00:01 -05'00'

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____

*(specify reliable electronic means).*

Date: __2/17/2026__

*Judge's signature*

City and state: Dayton, Ohio

Caroline H. Gentry, U.S. Magistrate Judge

*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE(S) ASSIGNED CALL NUMBER(S) **326-205-5903** | Case No. ____**3:26 mj 073**____ <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Christopher Reed, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **326-205-5903,** (the **"Target Cell Phone"**), whose service providers are **AT&T,** a cellular telephone service provider that accepts service of process at their Global Legal Demand Center located at 11760 US Highway 1, North Palm Beach, FL 33408. The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been since May 2008. I am presently assigned to the ATF Columbus Field Division, Dayton Satellite Office. I attended formal training at the Federal Law Enforcement

Training Center, where I completed the Criminal Investigator Training Program, and the ATF National Academy, where I completed Special Agent Basic Training. I have received additional training in the enforcement of various criminal statutes enacted in the Gun Control Act of 1968 and the National Firearms Act of 1934. Under 18 U.S.C. § 3051, I am empowered to enforce the criminal laws of the United States. Prior to my employment with ATF, I received additional law enforcement training at the Indianapolis Police Department's Police Academy and served the Indianapolis Metropolitan Police Department for approximately (8) years as a uniformed officer, narcotics detective, and an ATF Task Force Officer.

4.      As a Special Agent, I have participated in investigations involving federal firearms and controlled substance violations. Through these investigations, I have employed various investigative techniques, including conducting electronic surveillance, using confidential informants, and making controlled purchases of firearms and controlled substances. I have conducted physical surveillance and executed federal arrest and search warrants. I also know how to analyze information resulting from traditional record searches and reviewing case files.

5.      I am familiar with investigations involving the use of cell phones by criminal suspects who are involved in the commission of those offenses. I also have knowledge of the technology used by law enforcement authorities to identify cell phones' users and geographic locations. I have also reviewed forensic extractions of cellular telephones, and other electronic storage media, and have examined content and communications contained within these devices obtained by forensic extraction. This content includes records of communication through call logs, text message content, images and videos, and communication made through various social media applications.

2

6. I know from training and experience that individuals typically keep cell phones on their persons or within their immediate control, such as in the cupholder of a car they are driving, or in pockets of their clothing, because cell phones are regularly used and possessed as an item of personal property.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

8. Based on the facts set forth in this affidavit, there is probable cause to believe that Federal violations committed by **Edward Duane Crawford ("CRAWFORD")**, namely, 18 U.S.C. § 922(g)(1) – Possession of Ammunition by a Prohibited Person; 18 U.S.C. § 922(g)(1) – Possession of a Firearm by a Prohibited Person; and 26 U.S.C. § 5861(d) Receipt or Possession of Unregistered Firearm. CRAWFORD was charged with those violations on February 10, 2026, and is the subject of an arrest warrant issued on that date. The is also probable cause to believe that the information in Attachment B, including location information, will assist law enforcement in arresting CRAWFORD, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

9. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the court is a district court of the United States that has jurisdiction over the offence being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

3

**PROBABLE CAUSE**

**A. On February 10, 2026, a federal arrest warrant was issued for Edward Duane Crawford.**

10.     On February 10, 2026, a federal arrest warrant was obtained, based on a Complaint, from the Untied Stated District Court for the Southern District of Ohio in Case No. 3:26-mj-060 for violations of 18 U.S.C. § 922(g)(1) – Possession of Ammunition by a Prohibited Person; 18 U.S.C. § 922(g)(1) – Possession of a Firearm by a Prohibited Person; and 26 U.S.C. § 5861(d) Receipt or Possession of Unregistered Firearm. CRAWFORD is therefore a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

11.     As I explain below, I am seeking information about the **Target Cell Phone** because there is probable cause to believe CRAWFORD uses the **Target Cell Phone** and that the requested information about the device will assist law enforcement in arrest CRAWFORD.

**B. Springfield Police Detective/DEA Task Force Officer provided information giving probable cause to believe that the Target Cell Phone is being used by Edward Crawford.**

12.     On February 12, 2026, Springfield Police Department (SPD) Detective Calvin Burch, who is also a DEA Task Force Officer (TFO) provided me with information about CRAWFORD. TFO Burch said in early January of 2026, he learned of **Target Cell Phone** during the course of an unrelated controlled substance investigation.

13.     According to TFO Burch, in that specific case, while reviewing information from a cellular device extraction, he located the **Target Cell Phone** identified as "croft." TFO Burch further stated he knew "croft" to be an alias for Edward Crawford. On or about January 24, 2026, TFO Burch sent a DEA administrative subpoena to AT&T for records associated with **Target Cell Phone.** The records that were provided indicate the **Target Cell Phone** is active. The name and address associated with the Subscriber Information for **Target Cell Phone** was listed as

4

EDWARD D DRAWDORD and 1703 Springmont Ave., Springfield, OH 45506. The Springmont location is the same address Edward Crawford identified as his current residence during a post-Miranda interview with law enforcement on August 5, 2025.

## C. AT&T likely has relevant information that will assist in arresting CRAWFORD.

14.     In my training and experience, I have learned that **AT&T** is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

15.     Based on my training and experience, I know that **AT&T** can collect E-911 Phase II data about the location of the **Target Cell Phone** including by initiating a signal to determine the location of the **Target Cell Phone** on their network or with such other reference points as may be reasonably available.

5

16.    Based on my training and experience, I know that **AT&T** can collect historical and prospective cell-site data about the **Target Cell Phone**. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as **AT&T** typically collect and retain cell-site data and specialized location data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes. I also know that wireless providers collect subscriber information about their customers, including names, address, billing information, as well as information about the types of devices and IP address used.

17.    Based on my training and experience, I know that the information requested in Attachment B is likely to assist law enforcement in locating and arresting CRAWFROD. Historical and prospective information about the location of the cellular device is likely to assist law enforcement in surveilling location where CRAWFORD is living or spending time, making it easier to find and arrest him. Additionally, information about the contacts to and from a cellular device commonly helps law enforcement identify other individuals who are in contact with the user of that device and who may have information about their whereabouts.

## AUTHORIZATION REQUEST

18.    Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

6

19.     I further request that the Court direct **AT&T** to disclose to the government any information described in Section I of the Attachment B that is within its possession, custody, or control. Because the warrant will be served on **AT&T**, who will then compile the requested records at a time convenient to it, reasonable cause exits to permit the execution of the requested warrant at any time in the day or night.

20.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21.     I further request that the Court direct **AT&T** to disclose to the government any information described in Attachment B that is within the possession, custody, or control of **AT&T**.  I also request that the Court direct **AT&T** to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with **AT&T'S**

7

services, including by initiating a signal to determine the location of the **Target Cell Phone** on **AT&T's** network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate **AT&T** for reasonable expenses incurred in furnishing such facilities or assistance.

22.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

23.     I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CHRISTOPHER REED   Digitally signed by CHRISTOPHER REED
Date: 2026.02.17 11:16:58 -05'00'

Christopher M. Reed
Special Agent
Bureau of Alcohol, Tobacco Firearms and
Explosives

Subscribed and sworn before me by telephone on February 17, 2026.

UNITED STATES MAGISTRATE JUDGE
Caroline H. Gentry

8

## ATTACHMENT A

### Property to Be Searched

1.  The cellular telephone assigned call number 326-205-5903, whose wireless service provider is **AT&T**, a company that accepts service of legal process at 11760 US Highway 1, North Palm Beach, FL 33408.

2.  Records and information associated with the **Target Cell Phone** that is within the possession, custody, or control of **AT&T**, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

## ATTACHMENT B

### Particular Things to be Seized

### I.  Information to be Disclosed by the Provider

1. *Historical and Subscriber Information.* To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A for the time period **January 1, 2026, to present**:

   a. The following information about the customers or subscribers of the Account:

      i. Names (including subscriber names, usernames, and screen names);
      ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
      iii. Local and long-distance telephone connection records;
      iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
      v. Length of service (including start date) and types of service utilized;
      vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");
      vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
      viii. Means and source of payment for such service (including any credit card or bank account number) and billing records.

   b. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Account, including:

      i. the date and time of the communication, the method of the communication, and the source and destination of the communication – i.e., call detail records - and records of data events across all networks (3G, 4G, 5G)
      ii. All historical location information, including data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and

"sectors" (i.e., faces of the towers) received a radio signal from the Account for the time period **January 1, 2026, to present**. Included is any specialized location data commonly referred to as Network Element Location Service (NELOS), AriesoGeo, Per Call Measurement Data (PCMD), Real Time Tool (RTT), and/or Timing Advance/TruCall.

c. The Provider shall deliver the information set forth above within **3 days** of the service of this warrant and the Provider shall send the information via facsimile or United States mail, and where maintained in electronic form, on CD-ROM or an equivalent electronic medium, to:

> Bureau of Alcohol, Tobacco, Firearms & Explosives
> 550 Main Street, Ste 8491
> Cincinnati, OH 45202
> Fax: 513-684-6359

2. *Prospective Location Information.* The Provider shall provide all prospective location information about the location of the Target Cell Phone described in Attachment A for a period of **thirty days**, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. To the extent that the location information is within the possession, custody, or control of Provider, Provider is required to disclose the Location Information to the government. In addition, Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

3. *Prospective Pen-Trap Information.* Pursuant to 18 U.S.C. § 3123, the ATF may install and use pen-trap devices to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone identified in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

   - IP addresses associated with the cell phone device or devices used to send or receive electronic communications
   - Identity of accounts that are linked by creation IP address, recovery email, telephone number, or other identifiers
   - Identity of all accounts that are linked to the account by cookies

- Any unique identifiers associated with the cell phone device or devices used to make and receive calls with the cell phone identified in Attachment A, or to send or receive other electronic communications, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN
- IP addresses of any websites or other servers to which the cell phone device or devices connected
- Source and destination telephone numbers and email addresses
- "Post-cut-through dialed digits," which are digits dialed after the initial call set up is completed, subject to the limitations of 18 U.S.C. § 3121(c)

Pursuant to 18 U.S.C. § 3123(c)(1), the use and installation of the foregoing is authorized for **thirty days** from the date of this Order. Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.

## II. Information to be Seized by the Government

1. All information described above in Section I that will assist in arresting Edward Duane Crawford, who is the subject of an arrest warrant issued on February 10, 2026, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Pursuant to 2703(g), the presence of an agent is not required for the service or execution of this warrant.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

3